(No. 37309.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* WILLIAM J. WILLIAMS *et al.,* Appellees.

*Opinion filed March 25, 1963.—Rehearing denied May 29, 1963.*

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and RUDOLPH L. JANEGA and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for appellant.

GEORGE M. CRANE, of Chicago, (MORRIS GORDON MEYERS, of counsel,) for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an interlocutory appeal, taken by the People, from an order of the criminal court of Cook County quashing a search warrant issued by a judge of the circuit court of Cook County, and suppressing the evidence seized under the warrant. The appeal is authorized by statute, (Ill. Rev. Stat. 1961, chap. 38, par. 747,) and comes directly to this court because a constitutional question is involved.

Defendants are charged with the operation of a handbook and the keeping of a gaming house. Upon their motion, the trial judge to whom the case was assigned for trial, quashed the search warrant on the ground that the complaint was based on unreliable hearsay statements of an informer.

Joseph A. Clark, a constable, was the affiant in a complaint for search warrant wherein he recited his belief that certain premises were being used on August 16, 1961, for unlawful gambling. His reasons for the belief were based upon statements made to him by an informer who had told him that the premises were being used for gambling, that on August 11, 12, 14 and 15, 1961, he had observed horse bets being taken, that he had himself made horse bets on those dates, and had received bet receipts or slips from the operators of the premises. The complainant also stated that the informer had given the betting slips to him and that he has them in his possession. The complainant further swore that the informer was known to him, that he (the informer) had in the past given him information on illegal gambling operations which had proved reliable. A search was made under the warrant and a substantial amount of gambling paraphernalia was found on the premises.

The question squarely posed is whether probable cause for the issuance of a search warrant may be established by hearsay evidence alone. The trial judge answered this

in the affirmative but stated that he did not think there was a substantial basis for crediting the hearsay.

In a recent decision the Supreme Court of the United States, with a single dissent, (*Jones* v. *United States,* 362 U.S. 257, 4 L. ed. 2d 697, 80 S. Ct. 725,) squarely held that hearsay may be the basis for issuance of a warrant. It was pointed out that probable cause is not established where the affidavit merely states the affiant's belief, or the belief of one other than the affiant, that there is cause to search; but that the personal observations of another set out in an affidavit are sufficient to establish probable cause, so long as a substantial basis for crediting the hearsay is presented. The facts are similar to those of the case at bar. There, the informant was known to the affiant, and had on previous occasions given information which was correct. Here the affidavit stated that the informant "has, in the past given him information on illegal gambling operations which has proved to be reliable." Furthermore, there was some corroboration of the informant's story in that he produced and delivered betting slips or receipts to the affiant.

Even before the Supreme Court's decision that the provisions of the fourth amendment apply to the States under the fourteenth amendment, (see *Mapp* v. *Ohio,* 367 U.S. 643, 31 S. Ct. 1684,) this court had followed the Supreme Court decisions interpreting the fourth amendment in our interpretation of section 6 of article II of the Illinois constitution. (See *People* v. *Castree,* 311 Ill. 392.) We continue to follow its decisions interpreting the fourth amendment as to what are reasonable searches and seizures. In following the Supreme Court's holding, that an affidavit based on the personal observations of a person other than the affiant is sufficient to show probable cause so long as a substantial basis for crediting the hearsay is presented, we have departed from our holdings in *People* v. *Elias,* 316 Ill. 376, and *People* v. *Billerbeck,* 323 Ill. 48. It is to be noted that the Supreme Court's holding in the *Jones* case

is a departure from its dictum in *Grau* v. *United States,* 287 U.S. 124, 77 L. ed. 212, 53 S. Ct. 38. See *Draper* v. *United States,* 358 U.S. 307, n.4, 3 L. ed. 2d 327, 79 S. Ct. 329, n.4; see also *Director General of Railroads* v. *Kastenbaum,* 263 U.S. 25, 68 L. ed. 146, 44 S. Ct. 52.

This case is readily distinguishable from *People* v. *Parren,* 24 Ill.2d 572, which involved a search without a warrant. There, information had been received by the officers from an anonymous source without any showing as to its reliability, and it was held that the officers had no basis for relying upon the information as being true. In this case, as we have heretofore pointed out, the reliability of the informer was established, and affiant thereby had a substantial basis for his belief of probable cause.

The judgment of the criminal court of Cook County is reversed, and the cause is remanded with directions to overrule the motion to quash and suppress the evidence.

*Reversed and remanded, with directions.*