THE CITY OF CHICAGO, Plaintiff-Appellee, *v.* OLLIE ADAMS, Defendant-Appellant.

First District (3rd Division) No. 61970

Opinion filed May 20, 1976.

James J. Doherty, Public Defender, of Chicago (Anthony Pinelli, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and John T. Theis, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant Ollie Adams was convicted of failing to register a deadly weapon, and fined $100 by the circuit court of Cook County. (Municipal Code of Chicago, ch. 11, §1—7.) She appeals contending that the trial court erred in denying her motions to quash the search warrant and suppress evidence seized which was not described in the warrant.

We reverse.

The pertinent facts are as follows. On the afternoon of February 4, 1975, a judge of the circuit court of Cook County was presented with a complaint for search warrant which contained the following sworn statement:

> "I, Victor Vega, a Chicago police officer had a conversation with John Doe who appears before the court today. In this conversation John Doe told me that on February 3, 1975 he was in the apartment of Alice Adams, located at 3016 W. Polk Street, at 7:30 p.m. and observed about fifty handguns in the apartment. He also told me that he observed four shotguns commonly referred to as "sawed-off" shotguns with barrel length of fifteen inches or less. It was also learned that many of the handguns had the serial numbers filed off and defaced. These same weapons have been seen by John Doe on numerous occasions prior to February 3, 1975 in the apartment of Alice Adams. Due to the above facts I still have probable cause to believe that these weapons are still in the apartment and Alice Adams is in violation of Ch. 38, Sec. 2401(a)(7), unlawful use and possession of weapons. The above mentioned Alice Adams is the lessee of the apartment and at the time John Doe saw these weapons no one else was in the apartment except him and Alice Adams."

Under this complaint, a warrant was issued for the search of defendant and her apartment, and for the seizure of four sawed-off shotguns. Later that evening, the warrant was executed and four weapons were seized. Defendant was charged with failing to register a pistol which was seized but not described in the warrant.

Defendant subsequently moved to quash the warrant on the grounds that the affidavit was insufficient to show probable cause that defendant illegally possessed firearms. Defense counsel specifically argued that the complaint for warrant did not contain either a sworn allegation by the informer or sufficient facts to show that the officer had reasonable grounds to believe the informer. The trial judge then questioned the police officer as to whether the informer was in court and under oath when the complaint for search warrant was presented on February 4. The officer testified that the informer was in court at that time, swore to tell the truth, and testified that he observed various firearms in defendant's apartment. Defendant objected to the officer's testimony. The trial court stated:

> "The court will rule that the complaint for the search warrant is valid, supported by the sworn testimony of the proceedings before [the judge who issued the warrant], which would indicate that the complainant spoke of personal knowledge and made these personal observations and swore to them before [the issuing judge]

along with the officer in the obtaining of the search warrant on February 4, 1975. The motion to quash a search warrant will be denied."

Defendant was subsequently convicted upon evidence obtained by use of the warrant.

Defendant first argues that an inquiry into the sufficiency of a complaint for search warrant is limited to the face of the complaint, and that the trial court erred by taking the police officer's testimony, citing *People v. Bak* (1970) 45 Ill. 2d 140, *cert. denied*, 400 U.S. 882, and *People v. Mitchell* (1970) 45 Ill. 2d 148, *cert. denied*, 400 U.S. 882. The prosecution's position is that *Bak* and *Mitchell* state only that a defendant has no right to controvert matters declared in an affidavit, and that the police officer's testimony herein only clarified the language of the complaint for warrant.

Section 108—3 of the Code of Criminal Procedure prescribes the grounds upon which a search warrant may be issued:

"Upon the written complaint of any person under oath or affirmation which states facts sufficient to show probable cause and which particularly describes the place or person, or both, to be searched and the things to be seized, any judge may issue a search warrant * * *." (Ill. Rev. Stat. 1973, ch. 38, par. 108—3.)

Although a *written* complaint for search warrant is required, the trial court at a hearing on a motion to suppress evidence and quash a search warrant is authorized to "receive evidence on any issue of fact necessary to determine the motion * * *." (Ill. Rev. Stat. 1973, ch. 38, par. 114—12(b).) In *Bak*, our Supreme Court refused to allow a defendant to utilize this section to introduce evidence challenging the truthfulness of matters alleged in a complaint for search warrant. The issue in the instant case is whether the prosecution, at a hearing on a motion to quash a search warrant, should be allowed to present evidence as to matters not contained in the body of a complaint for warrant but which may have been before the issuing judge. We think not.

■■ The long standing rule in Illinois is that the testimony upon which a judge acts in issuing a search warrant must be reduced to writing, incorporated in a formal complaint, and verified by affidavit. (*People v. Elias* (1925), 316 Ill. 376, 381; *People v. Hartfield* (1968), 94 Ill. App. 2d 421, 425.) Where an informer appears under oath before an issuing judge, the informer's sworn testimony must be reduced to writing and signed by the informer-affiant so that he could be charged with perjury if the complaint were false. (*People v. Jackson* (1971) 1 Ill. App. 3d 109, *leave to appeal denied*, 48 Ill. 2d 593, *cert. denied*, 406 U.S. 969.) An informer may use a fictitious name on a complaint. (*People v. Stansberry* (1971) 47 Ill. 2d 541, *cert. denied*, 404 U.S. 873.) In *People v. Jackson*, this court

considered a complaint for search warrant signed with a fictitious name: "The affiant-informer was before the judical officer for inquiry and observation at the time of the issuance of the search warrant. When the judicial officer issued the search warrant based on the facts stated in the complaint, the affiant's reliability was established." 1 Ill. App. 3d 09, 111.

■■ Since a written complaint is necessary for the validity of a search warrant, we believe that it necessarily should follow that the prosecution cannot, at a later date, over objection, introduce oral testimony of the proceedings before the issuing judge. The informer's sworn testimony should have been reduced to writing when the warrant was issued. The trial court should not have gone beyond the face of the complaint for search warrant to determine which facts were before the issuing judge. We hold that the trial court erred in taking the police officer's testimony in the instant case. To hold otherwise would be to allow gross circumvention of the sound procedure we described in *People v. Jackson.*

■■ The prosecution argues in the alternative that even if the police officer's testimony were improperly heard, the information contained on the face of the complaint for search warrant was sufficient to show probable cause. It is further argued that the phrase "John Doe appears before this court today" on the face of the policeman's affidavit should be read to say that Doe was placed under oath by the issuing judge and that Doe gave testimony at that time. By such a reading, the complaint would state that the judge considered Doe's credibility. We believe that this proposed reading stretches the language of the complaint beyond reasonable bounds. The fact remains that if the issuing judge actually considered either Doe's testimony or credibility, that material fact should have appeared on the face of the complaint for search warrant in such a form that Doe could be liable for perjury if he lied under oath. (*People v. George* (1971), 49 Ill. 2d 372.) Absent such a fact, or other facts and circumstances showing the informer's credibility, the trial court herein erred in denying defendant's motion to quash the search warrant and suppress all evidence seized under the warrant.

We would note that the prosecution does not argue that the omission of these facts was the result of a clerical error; we expressly do not reach this issue. We would further note our belief that our holding is not hypertechnical or unrealistic. (See *People v. Thomas* (1975), 62 Ill. 2d 375.) The testimony upon which a judge issues a search warrant must be reduced to writing and incorporated in a formal complaint. Such was not the case herein.

The order of the circuit court of Cook County denying defendant's motions to quash the search warrant and suppress evidence seized

1012

thereunder is reversed. Since the only evidence supporting defendant's conviction is that which was seized under the warrant, the judgment of conviction is reversed.

Order reversed; judgment reversed.

DEMPSEY and McNAMARA, JJ., concur.