(No. 48652.

THE CITY OF CHICAGO, Appellant, v. OLLIE ADAMS, Appellee.

*Opinion filed September 20, 1977.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (Jayne A. Carr, Assistant Attorney General, of Chicago, and Laurence J. Bolon and Paul Benjamin Linton, Assistant State's Attorneys, of counsel), for appellant.

James J. Doherty, Public Defender, of Chicago (Anthony Pinelli, Ronald P. Alwin, and Peter J. Hickey, Assistant Public Defenders, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

In a bench trial in the circuit court of Cook County, defendant, Ollie Adams, was convicted of failure to register a deadly weapon (Chicago Municipal Code, sec. 11.1—7). The appellate court reversed (38 Ill. App. 3d 1008), and we allowed the plaintiff's, city of Chicago's, leave to appeal.

On February 4, 1975, Officer Victor Vega presented to a judge of the circuit court a complaint for a search warrant which contained the following sworn statement:

"I, Victor Vega, a Chicago police officer had a conversation with John Doe who appears before the court today. In this conversation John Doe told me that on February 3, 1975 he was in the apartment of Alice Adams, located at 3016 W. Polk Street, at 7:30 P.M. and observed about fifty handguns in the apartment. He also told me that he observed four shotguns with barrel length of fifteen inches or less. It was also learned that many of the handguns had the serial numbers filed off and defaced. These same weapons have been seen by John Doe on numerous occasions prior to February 3, 1975 in the apartment of Alice Adams. Due to the above facts I still have probable cause to believe that these weapons are still in the apartment and Alice Adams is in violation of ch. 38, sec. 2401(a)(7), unlawful use and possession of weapons. The above mentioned Alice Adams is the lessee of the apartment and at the time John Doe saw these weapons no one else was in the apartment except him and Alice Adams."

A warrant was issued for the search of defendant and her apartment and for the seizure of four sawed-off shotguns. Later that day the warrant was executed and four weapons were seized, three of which were registered. Defendant was charged with failing to register a pistol not described in the warrant but seized in the search.

Defendant moved to quash the search warrant and suppress the evidence on the grounds that the affidavit was insufficient to show probable cause. The record shows the following:

"THE COURT: Let me clarify this. What took place on February 4, 1975, when you appeared before Judge Pompey to obtain the search warrant?

THE OFFICER: The complainant gave us information. He has been in Mrs. Adams' apartment several times and observed the weapons, sawed-off shotguns and guns with filed serial numbers.

THE COURT: Did the complainant appear with

you before Judge Pompey?
  THE OFFICER: Yes.
  THE COURT: Did the judge swear the witness?
  THE OFFICER: Yes."

The circuit court denied the motion, found defendant guilty, and fined her the sum of $100.

In reversing the conviction, the appellate court held that when an informant appears before an issuing judge the sworn testimony of the informant must be reduced to writing and signed so that if his statements are untrue he can be charged with perjury. It held further that because the sufficiency of the warrant must be determined from the face of the complaint the circuit court improperly admitted Officer Vega's testimony.

Plaintiff contends that the appellate court erred in holding that in determining whether probable cause was established for the issuance of the search warrant the issuing court could consider only the written complaint and affidavit. It contends, too, that assuming that oral testimony was improperly considered, the complaint was adequate on its face. It argues that, although the affidavit did not contain facts from which the issuing judge could have made an independent evaluation of the informant's reliability, it showed that the informant appeared with the affiant officer before the judge who issued the warrant, thus obviating the need to establish the informant's reliability "within the four corners of the affidavit."

Citing article I, section 6, of the Constitution of Illinois, section 108—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 108—3), *Lippman v. People,* 175 Ill. 101, and *People v. Elias,* 316 Ill. 376, it is defendant's position that "all facts alleged as the basis for probable cause must be stated in an affidavit," that such facts "must be preserved for purposes of review," and that the appellate court correctly held that the circuit court erred in going beyond the face of the

complaint in determining what facts were before the judge when the warrant was issued.

Subsequent to the decision by the Supreme Court of *Jones v. United States,* 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725, this court, in *People v. Williams,* 27 Ill. 2d 542, held that probable cause for the issuance of a search warrant may be established by hearsay evidence alone, so long as the affidavit contains "a substantial basis for crediting the hearsay" (27 Ill. 2d 542, 544). The requirement is that there be sufficient information set forth in the affidavit to enable the issuing judge to make an independent determination that the informant is reliable. *People v. Saiken,* 49 Ill. 2d 504.

Other than the absence of facts which would enable the issuing judge to make an independent determination of the reliability of the informant, defendant admits that the affidavit of Officer Vega was sufficient to establish probable cause for the issuance of the warrant. This record therefore presents, and we decide, only the narrow question whether the independent basis for the issuing judge's determination of the reliability of the informant may be based on evidence other than the contents of the affidavit.

Although good practice would suggest that the issuing judge cause the informant's statement to be reduced to writing and verified, we conclude that this record shows a sufficient basis to support both the credibility of the hearsay information and the determination of probable cause. Officer Vega's affidavit shows that the informant was present in court when the complaint was presented, and his testimony shows that he was sworn and "gave us information." In *United States v. Harris,* 403 U.S. 573, 29 L. Ed. 2d 723, 91 S. Ct. 2075, in which a search warrant issued on an informant's tip was held valid, Mr. Justice Harlan, contending that the affidavit was insufficient, said in dissent that "it would seem that such informers could

often be brought before the magistrate where he could assess their credibility for himself." (403 U.S. 573, 599, 29 L. Ed. 2d 723, 743, 91 S. Ct. 2075, 2090.) That is what occurred here. The circuit court did not err in denying the motion to suppress, and the judgment of the appellate court is reversed.

*Appellate court reversed,*
*circuit court affirmed.*