THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
RICK A. DAEHLER, Defendant-Appellee.
Second District   No. 76-477

Opinion filed February 28, 1978.

John Maville, State's Attorney, of Belvidere (Phyllis J. Perko and Stephen M. Deitsch, both of Illinois State's Attorneys Association, of counsel), for the People.

Daniel J. Norton, of Belvidere, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

The defendant, Rick A. Daehler, was arrested and charged with the offense of burglary (Ill. Rev. Stat. 1975, ch. 38, par. 19—1(a)). The defendant filed a motion to quash the search warrant and to suppress evidence seized as a result thereof, contending that the search warrant was not issued upon probable cause; more specifically, that the search warrant indicated that a reliable informant furnished information to the police officer-affiant, but failed to furnish facts from which the issuing judge could determine independently the reliability of the informant.

The State sought to introduce evidence that the informant was in fact a private citizen; that he appeared with the officer before the judge issuing the search warrant; that the issuing judge reviewed the complaint and affidavit for the search warrant as well as the informant's written statement to the police; that the informant was placed under oath and questioned as to the truth of his statement; and that then the judge issued the search warrant. The trial court denied the State's motion to introduce such evidence on the basis that the search warrant proceedings must stand on their own merit and that the State, no more than the defendant, could not challenge the sufficiency of the search warrant by proof, outside the proof of the documents, or substantiate their sufficiency. The court did allow the State to make a full offer of proof for the record. Defendant's motion to quash the search warrant and to suppress all evidence obtained as a result of the search warrant was granted. The State appeals.

The State contends on appeal that the trial court erred in limiting the State's proof in support of the search warrant to the facts contained within "the four corners" of the affiant officer's complaint. We agree, finding the recent case of *City of Chicago v. Adams* (1977), 67 Ill. 2d 429, 367 N.E.2d 1299, to be determinative of this issue, and we reverse.

In *Adams*, a trial court during a motion to quash a search warrant permitted the police officer who had presented the complaint for a search warrant to the issuing judge to testify that the informant had appeared before the issuing judge, had been sworn and had given information upon which the search warrant was based. Defendant's motion to quash was denied and she was convicted. On appeal, the appellate court held that the circuit court erred in going beyond the face of the complaint in determining what facts were before the judge when the warrant was issued. *City of Chicago v. Adams* (1976), 38 Ill. App. 3d 1008, 350 N.E.2d 188.

However, our supreme court in an appeal by the State reversed the appellate court and affirmed the circuit court's denial of the motion to suppress. The supreme court stated:

"\* \* \* we decide, only the narrow question whether the independent basis for the issuing judge's determination of the reliability of the informant may be based on evidence other than the contents of the affidavit.

Although good practice would suggest that the issuing judge cause the informant's statement to be reduced to writing and verified, we conclude that this record shows a sufficient basis to support both the credibility of the hearsay information and the determination of probable cause. Officer Vega's affidavit shows that the informant was present in court when the complaint was presented, and his testimony shows that he was sworn and 'gave us information.' " 67 Ill. 2d 429, 433, 367 N.E.2d 1299, 1301.

The case before us is unlike *People v. Bak* (1970), 45 Ill. 2d 140, 258 N.E.2d 341, *cert. denied*, 400 U.S. 882, 27 L. Ed. 2d 121, 91 S. Ct. 117. In *Bak*, our supreme court refused to allow a defendant to inquire behind the search warrant and affidavit. There the defendant sought to challenge the reliability of the informant by presenting additional outside evidence. Here, however, the evidence which the State seeks to introduce is alleged to have been before the issuing judge at the time the search warrant was sought.

Therefore, under *Adams*, in a hearing on a motion to quash a search warrant, the State may be permitted to offer independent evidence of the informant's reliability, outside the written affidavit and complaint, that was before the issuing judge.

We therefore reverse and remand this case to the trial court to permit the State to introduce its evidence.

Reversed and remanded.

BOYLE and NASH, JJ., concur.