THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROY E. BARKER, JR., Defendant-Appellant.

Third District   No. 78-286

Opinion filed June 13, 1979.

Vincent P. Paulauskis, of Nutting, Thacker, Sacks & Paulauskis, of Kankakee, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

The defendant, Roy E. Barker, Jr., was convicted of the offense of the possession of more than 30 grams but less than 500 grams of cannabis (Ill. Rev. Stat. 1975, ch. 56½, par. 704(d)). He was sentenced to 2 years probation and fined $500 plus costs. The defendant appeals from his conviction on the grounds that the trial court erred in denying his pretrial motion to suppress cannabis seized at his home.

The facts of this case are quite simple. On March 9, 1977, Detectives Joseph Beard and Edward Jackson of the Kankakee County sheriff's police went to the defendant's residence for the purpose of arresting him on a traffic warrant. As the arrest was being made, the detectives observed two hand-rolled cigarette butts in an ashtray in the defendant's living room. Believing the cigarette butts to contain cannabis, Detective Beard subsequently prepared a complaint for a search warrant, and a warrant was issued thereon. In the course of the search of the defendant's house pursuant to the warrant, the officers secured the evidence which resulted in the defendant's conviction.

The issue presented on appeal is whether the complaint for a search warrant prepared by Detective Beard (hereafter referred to as the "complaint") alleged facts sufficient to establish probable cause for the issuance of a search warrant. In resolving this issue we will consider whether judicial notice can be taken of facts solely within the personal knowledge of the issuing judge.

The pertinent portion of the complaint reads as follows:

"Affiant on oath says that he has probable cause to believe, based upon the following facts, that the above-listed articles are now located in the above described premises, in that Affiant is a peace officer, a sworn and qualified member of the Kankakee County Sheriff's Police in the position of Detective, and as such has seen in the above described premises within the past two hours two burned cigarette butts of hand rolled cigarettes which are believed to contain cannabis. In that affiant along with Detective Edward Jackson were in side [*sic*] the above-described residence to arrest the occupant, Roy Barker, for an outstanding bench warrant. At the time of said arrest the above mentioned cigarette butts were

seen in an ashtray in the living room area near the front entrance to the residence. As the occupant, Roy Barker, was placed under arrest he immediately became ill and had to be taken immediately to Riverside hospital for medical treatment."

The defendant's sole contention is that the complaint, insofar as it states that the affiant Beard was recently at the defendant's residence and observed "two burned cigarette butts which are believed to contain cannabis," fails to allege sufficient facts for the issuing judge to determine if there was probable cause to issue a search warrant, and as a consequence his pretrial motion to suppress should have been granted. The defendant places heavy reliance on *People v. Elias* (1925), 316 Ill. 376, 147 N.E. 472, in support of his contention. In *Elias*, the defendant was convicted of possessing and selling intoxicating liquors in violation of the Illinois Prohibition Act. The intoxicating liquors were seized pursuant to a search warrant issued on the basis of a complaint which in the words of the court, "merely states that the affiant believes that intoxicating liquors are to be found in a building occupied, owned or controlled by Elias." (316 Ill. 376, 386, 147 N.E. 472, 476.) The affiant's source of information was an informant. The Illinois Supreme Court reversed the trial court, and held the complaint for search warrant invalid because it was based upon hearsay information. In the course of so doing, the court also made it clear that a complaint for a search warrant must state the facts which form the basis of the belief that probable cause exists. In support, the court recited the following passage from *Veeder v. United States* (7th Cir. 1918), 252 F. 414, 418, approvingly:

" 'No search warrant shall be issued unless the judge has first been furnished with facts under oath, not suspicion, beliefs or surmises, but facts which, when the law is properly applied to them, [* * *], tend to establish probable cause for believing that the legal conclusion is right. The inviolability of the accused's home is to be determined by the facts, not by rumor, suspicion or guesswork. If the facts afford the legal basis for the search warrant the accused must take the consequences. But equally there must be consequences for the accuser to face. If the sworn accusation is based on fiction the accuser must take the chance of punishment for perjury. Hence the necessity of a sworn statement of facts, because one cannot be convicted of perjury for having a belief, though the belief be utterly unfounded in fact and law.' " 316 Ill. 376, 382, 147 N.E. 472, 474.

■■ The State points out quite correctly that *Elias* was subsequently overruled in *People v. Williams* (1963), 27 Ill. 2d 542, 190 N.E.2d 303. However, we read *Williams* as overruling *Elias* only to the extent that the latter case is inconsistent with the Supreme Court's decision in *Jones v.*

*United States* (1960), 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725, where the court held that a complaint for a search warrant may be based upon hearsay information, but "pointed out that probable cause is not established where the affidavit merely states the affiant's belief, or the belief of one other than the affiant, that there is cause to search; * * *." (*People v. Williams* (1963), 27 Ill. 2d 542, 544, 190 N.E.2d 303, 304.) Consequently, we feel that the statements made by the supreme court in *Elias* to the effect that an affidavit for a search warrant must allege facts and not "suspicions, beliefs, or surmises" are viable today and unaffected by *Williams*. We are convinced in the correctness of our reading of *Williams* and *Elias* by subsequent statements made in more recent cases which echo the sentiments expressed in *Elias* without expressly relying on that case. For example, in *People v. West* (1977), 48 Ill. App. 3d 132, 134-35, 362 N.E.2d 791, 794, the Fourth District stated:

> "An issuing judge, * * *, must act in a neutral and detached manner, basing his judgment on the underlying facts presented to him rather than merely accepting the beliefs and conclusions presented him. (*Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509; *People v. Tate* (1970), 44 Ill. 2d 432, 255 N.E.2d 411.) There must be supporting facts to issue or to change a search warrant, not merely allegations of a police officer engaged in the often competitive pursuit of ferreting out crime. (See *Spinelli v. United States* (1969), 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 627; *Giordenello v. United States* (1958), 357 U.S. 480, 78 S. Ct. 1245, 2 L. Ed. 2d 1503.)"

Accord, *People v. Harshbarger* (1974), 24 Ill. App. 3d 335, 321 N.E.2d 138.

The *Harshbarger* case, despite the State's argument to the contrary, supports the defendant's position in the instant case that the complaint failed to allege sufficient facts which would support a finding of probable cause. In *Harshbarger* the police received information that one Robert Leads had a large quantity of marijuana in his house. When the police entered the house, they saw the defendant and two other men seated in the living room. They also "noticed what they believed to be a strong smell of burning marijuana." (24 Ill. App. 3d 335, 336, 321 N.E.2d 138, 139.) No marijuana was discovered as the result of a search of the house, but nevertheless all four men in the house were arrested. In discussing the propriety of the defendants' warrantless arrest, the court found the arrest was "prompted by a mere suspicion that someone must have been smoking marijuana because of the odor believed to be present, and, therefore, the best thing to do was arrest and search everybody." (24 Ill. App. 3d 335, 338, 321 N.E.2d 138, 141.) The court consequently held the warrantless arrest of the defendant and search of his person invalid.

■■ Although *Harshbarger* involves a warrantless arrest, the analogy to the instant case is obvious. In *Harshbarger*, the police action was not motivated by facts, but by the "mere suspicion" that someone had been smoking marijuana because of an odor present which the officers believed to be marijuana. In the case at bar, police action was similarly motivated not by facts but by a "mere suspicion," the suspicion that the cigarette butts contained marijuana, undoubtedly because they were handrolled and resembled "joints." In short, in both cases the police attempted to base a finding of probable cause on their unsubstantiated subjective belief: In *Harshbarger*, the belief that an odor was marijuana; in the present case, the belief that handrolled cigarette butts contained cannabis. As a consequence we feel that the result in this case should be the same as the result in *Harshbarger*. We cannot and will not give our judicial imprimatur to police actions, whether they be sanctioned by a warrant or not, which are motivated not by the existence of facts but rather by mere surmise and conjecture.

The State places primary reliance on the case of *People v. McGrain* (1967), 38 Ill. 2d 189, 230 N.E.2d 699, in support of its contention that mere belief on the part of the affiant that contraband is present in a certain place justifies issuance of a search warrant. In *McGrain* the affiant police officer stated in his complaint for a search warrant that on the basis of personal observations of various gambling paraphernalia and his investigation of defendant, he believed the defendant to have in his possession horse-race slips, bet books, and other gambling equipment. He further believed that the defendant had in his possession "monies and funds" which had been bet on horse races, and that the defendant was taking bets. As the State points out in its brief, "the complainant did not reveal how he knew that the objects were gambling paraphernalia other than from his personal observation." However, such a revelation by the affiant would have been unnecessary, as anyone can observe, *inter alia*, "horse-race slips, papers, printed and written bets, books, scratch sheets, racing forms, and other related paraphernalia" and easily conclude that these items constitute gambling equipment. In other words, the nature of these items can be ascertained by personal observation alone, and a logical conclusion drawn therefrom. Such is not the case with "two handrolled cigarette butts," which, upon personal observation, are nothing more than they appear to be. To conclude that the butts contain cannabis, one must have knowledge of underlying facts which substantiate his belief.

The necessity for a recitation, in a complaint for a search warrant, of the facts which gave rise to complainants' belief that probable cause exists is most easily seen in cases where the object of the search is a controlled substance or narcotics. In *People v. Palanza* (1978), 55 Ill. App. 3d 1028,

371 N.E.2d 687, a police officer stated in his complaint for a search warrant that he was told by an informant that a white, crystalline powder in defendant's possession "appeared" to be cocaine. We held that the complaint failed to allege facts sufficient for the issuing judge to determine the existence of probable cause because "[t]here is no indication as to how the informant or for that matter any other person could tell whether a white substance was cocaine or not some other white substance such as sugar or salt". (55 Ill. App. 3d 1028, 1030, 371 N.E.2d 687, 689.) Although *Palanza* deals with information provided an informant, it equally applies to situations where the belief that an item is contraband is reached by a police officer.

■■ In the case before us, the complaint for the warrant is devoid of any facts which support the complainant's belief that the handrolled cigarette butts contain cannabis. Although the trial court, at the hearing on the motion to suppress, stated that "I know that Officer Beard knows what marijuana is," a statement by the affiant Beard to this effect appears nowhere in the complaint, nor were there any other facts present in the complaint or brought to the court's attention which verify this statement. (Compare *People v. Rogers* (1978), 59 Ill. App. 3d 396, 375 N.E.2d 100, and *People v. Krug* (1976), 38 Ill. App. 3d 383, 347 N.E.2d 807.) The State contends that the issuing court, when considering a complaint for a search warrant, may consider facts beyond the four corners of the complaint. (See *People v. Daehler* (1978), 57 Ill. App. 3d 944, 373 N.E.2d 776; *cf. City of Chicago v. Adams* (1977), 67 Ill. 2d 429, 367 N.E.2d 1299 (although affidavit itself sufficient to establish probable cause, determination of informant's reliability based upon evidence outside four corners of affidavit).) However, there is nothing in the record which indicates the issuing court actually considered anything other than the information contained in the complaint at the time the warrant was issued. The court's statement which relates to its appreciation of affiant's ability to recognize marijuana is ambiguous, because it is uncertain from that statement whether the court considered the affiant's experience with marijuana at the time it issued the warrant, or whether it relied upon the affiant's expertise for the first time at the hearing on the motion to suppress. We are not about to guess as to which proceeding the trial court was referring. We do say, however, that if the issuing court did in fact consider the affiant's knowledgeability at the time it issued the warrant, it was in error. Although the trial judge was no doubt personally aware of the affiant's ability to recognize marijuana, the court could not take notice of such a fact in the absence of evidence presented before it which tends to prove the existence of that fact. "Individual and extrajudicial knowledge on the part of a judge will not dispense with proof of facts not judicially cognizable, and cannot be resorted to for the purpose of

472

supplementing the record." (Annot., 113 A.L.R. 258 (1938); accord, *Fox v. City of West Palm Beach* (5th Cir. 1967), 383 F.2d 189; 29 Am. Jur. 2d *Evidence* §15 (1967).) There was no allegation in the complaint to the effect that the affiant was experienced with controlled substances and could or did identify marijuana by sight, nor is there any evidence that such information was presented to the court prior to the issuance of the search warrant. To take notice of affiant's expertise in the absence of supporting proof, simply because the affiant's knowledgeability was within the personal knowledge of the court, was erroneous.

It appears what we have in this case is a search warrant issued on a guess—a guess that because cigarette butts in an ashtray are handrolled, they contained cannabis. Had the affiant set forth in his complaint the existing facts which enabled him to reach that conclusion that the butts contained marijuana, we would be disposed to affirm. In the absence of such facts, however, the affiant's "belief" is, by itself, insufficient to establish a probable cause for the issuance of a search warrant. The motion to suppress should have been granted by the trial court.

For the above reasons, the judgment of the Circuit Court of Kankakee County is reversed.

Judgment reversed.

STOUDER, P. J., and SCOTT, J., concur.