THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
MICHAEL FREDRICS, Defendant-Appellee.
Second District   No. 78-449

■

Opinion filed October 2, 1979.

■

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Thomas L. Knight, Assistant State's Attorney, of counsel), for the People.

James McClure, of Elmhurst, for appellee.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

This case presents a series of issues concerning the requirements for an eavesdropping order under article 108A—1 of the Illinois Code of Criminal Procedure (Ill. Rev. Stat. 1977, ch. 38, art. 108A—1).

On May 17, 1977, Elmhurst police detective Bob Jones obtained an eavesdropping order from the Circuit Court of Du Page County pursuant to article 108A—1. This eavesdropping request was made in connection with the investigation of alleged incidents of indecent liberties with a child. The suspect in this investigation was a male dance school teacher and the alleged victim was an 11-year-old male dance school student. On May 18, 1977, further court authorization was obtained, pursuant to a complaint for a search warrant, to place an eavesdropping device in the

building where the expected conversations were to take place. The search warrant application alleged that a body transmitter would not have been appropriate as the suspect could be expected to make noncriminal physical contact with the student prior to the conversations of a criminal nature. Pursuant to these authorizations, an eavesdropping device was installed in a room at Elmhurst College, and potentially incriminating conversations were recorded on the evening of May 18, 1977. The dance school teacher was subsequently arrested and is the defendant in the present case.

Before trial, defendant moved to quash the search warrant and suppress the evidence. After hearing arguments, the trial court granted the motion. The State was granted a rehearing on the motion and the trial court received additional memoranda of law from the parties. On June 12, 1978, the trial court entered an order which again allowed defendant's motion to quash the search warrant. It found that article 108A—1 requires a showing of probable cause before an eavesdropping authorization can issue, that because of this probable cause requirement it would be "redundant" to require a further search warrant to place the eavesdropping device, and that affidavits contained in the application for eavesdropping and the complaint for search warrant did not contain sufficient allegations to establish probable cause. The State has appealed from this order pursuant to Supreme Court Rule 604 (Ill. Rev. Stat. 1977, ch. 110A, par. 604).

Thus we have a situation where a court authorized the use of an electronic eavesdropping device and, a day later, a search warrant for the implantation of the device at Elmhurst College. However, before trial the search warrant was quashed and the recordings suppressed. Four issues are raised by this appeal: (1) whether section 108A—4 requires probable cause for the issuance of an eavesdropping order, (2) whether an additional search warrant is required for the installation of an electronic surveillance device after the eavesdropping itself has been authorized, (3) whether the application for an eavesdropping authorization and/or the complaint for search warrant contained sufficient information to justify a finding of probable cause, and (4) whether the eavesdropping in this case had the valid consent of one of the parties to the intercepted conversation.

### PROBABLE OR REASONABLE CAUSE

Article 108A—1 sets forth a procedure for obtaining judicial supervision of the use of eavesdropping devices in felony investigations where one party to the conversation to be monitored has consented to such monitoring. Section 108A—4 speaks in terms of "reasonable," as opposed to "probable cause," to believe that an individual is committing, has committed, or is about to commit a felony, and to believe that particular conversations concerning that felony will be obtained through the use of an eavesdropping device.

The State concedes that there are numerous cases, including *Draper v. United States* (1959), 358 U.S. 307, 3 L. Ed. 2d 327, 79 S. Ct. 329, and *People v. Lawson* (1976), 36 Ill. App. 3d 767, 345 N.E.2d 41, which hold that "reasonable grounds" has the same legal effect as "probable cause." However, the State argues that these cases are inapplicable to the present situation.

■■ The eavesdropping in this case had the consent of one of the parties to the conversation (the alleged victim). Under the holding in *United States v. White* (1971), 401 U.S. 745, 28 L. Ed. 2d 453, 91 S. Ct. 1122, such "consensual" eavesdropping presents no fourth amendment problems. Thus, there is no constitutionally mandated probable cause requirement as was present in *Draper* and *Lawson* for the consensual eavesdropping aspect of the instant case.

The Illinois statute in question was an effort to provide Illinois residents some privacy protections where none are constitutionally mandated. (*People v. Richardson* (1975), 60 Ill. 2d 189, 328 N.E.2d 260.) The State is able to point to the statute's legislative history to support its proposition that a standard less than probable cause was intended by the legislature. Originally section 108A—4 was part of House Bill 212. When submitted to the Governor this bill provided that eavesdropping could be authorized on a judicial determination of "probable cause." In a letter to the legislature the then Governor Walker made a number of recommendations including one to change "probable" to "reasonable":

> "The bill requires a court finding of 'probable cause' for believing that the suspect has committed or will commit a felony. This language may be construed too technically, it might be construed to require the standard of proof necessary to issue a conventional search warrant. I have therefore recommended changing 'probable' to 'reasonable' in this and several other closely related section." (Letter to the House of Representatives dated September 26, 1975.)

The legislature amended the bill accordingly. In light of this legislative history and of the lack of a Federal constitutional mandate, the State suggests that we conclude that eavesdropping may be ordered on a showing of less than probable cause in a case where one party has consented to the eavesdropping. We need not decide this issue however because probable cause had to be established as an entry was required to install the device.

### THE ENTRY REQUIRES PROBABLE CAUSE

The trial court found that because there was a probable cause requirement for the eavesdropping order, to require a search warrant to place the device was redundant. At the time the court made this finding there was a split among the courts that had considered this issue. In the recent case of *Dalia v. United States* (1979), ___ U.S. ___, 60 L. Ed. 2d

177, 99 S. Ct. 1682, the United States Supreme Court held that because an electronic eavesdropping authorization under Federal law must be made upon a showing of probable cause, there was no need for an explicit authorization for a covert entry to plant the device.

██ Because the present case required an entry to plant the device (as opposed to it being worn by a party to the conversation) we find that a probable cause determination must be sustained either in conjunction with the eavesdropping application or the application for a search warrant. In quashing the search warrant the trial court found an absence of probable cause. The key question in this case, then, is if this finding of a lack of probable cause is against the manifest weight of the evidence.

### PROBABLE CAUSE

The trial court held that the identical allegations in the application for the eavesdropping order and the complaint for search warrant[1] failed to meet the tests set out in *Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509, for affidavits of affiants without first-hand knowledge of the facts. Under *Aguilar* an affidavit may be based on hearsay if it (1) informs the magistrate of some of the underlying circumstances which form the basis of the informant's statement, and (2) some of the underlying circumstances from which the affiant concluded that the information is reliable.

██ Here the underlying circumstances of the alleged criminal act were presented in detail including names, dates, location, and the improper acts themselves. The affidavit also contained sufficient allegations to allow the issuing court to make the required independent determination of credibility. In *Aguilar* the affidavit in question merely recited that an unnamed "credible person" had provided "reliable information" that certain drugs were being kept at a certain address. (378 U.S. 108, 109, 12 L. Ed. 2d 723, 725, 84 S. Ct. 1509, 1511.) The application in question here is clearly more supportive of a probable cause finding than the

[1] In pertinent part, these allegations were as follows (note the name of the 11-year-old, which was contained in the original application, has been deleted from this opinion):

"That on May 13, 1977, applicant was informed by [name deleted], an 11 year-old boy, in a clear and convincing statement that Michael Fredrics is a dance teacher for Donnie Jo Biddle School of Dance; that Mr. Fredrics is [name deleted]'s dance teacher on Wednesdays at Irion Hall, Elmhurst College, 190 Prospect, Elmhurst, Illinois; that on April 27, 1977, Mr. Fredrics told [name deleted] that he wanted to check [name deleted]'s muscle development each week; that on May 4, 1977, [name deleted] accompanied Mr. Fredrics to a dressing room in the basement of Irion Hall, Mr. Fredrics locked the door and asked [named deleted] to sit on a dressing table after he removed his clothes; that Mr. Fredrics felt the muscle development in [name deleted]'s legs and also fondled [name deleted]'s penis; that on May 11, 1977, [name deleted] accompanied Mr. Fredrics to the same dressing room, again asked him to sit on the dressing table after he removed his clothes, and took photographs of [name deleted]'s naked body; that on May 11, 1977 Mr. Fredrics exposed his genitals to [name deleted]; that on May 11, 1977, Mr. Fredrics told [name deleted] he would take more photographs and check his muscle development on May 18, 1977.

Applicant has also been informed by [name deleted]'s mother that he definitely knows the difference between the truth and a lie and has been a reliable child."

conclusionary allegations in *Aguilar*. Not only are sufficient details provided to suggest reliability, but the applicant gave reasons for crediting his named source. The Supreme Court has held that:

> "Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a common-sense, manner." (*United States v. Ventresca* (1965), 380 U.S. 102, 109, 13 L. Ed. 2d 684, 689, 85 S. Ct. 741, 746.)

In light of these standards, we find that the trial court erred when it invalidated the warrant in this case. We further note that our determination of probable cause is strengthened by the fact that the named informant in this case was not a paid informer or a member of the criminal milieu. Numerous courts have held that when the informant is either the victim of the crime or a disinterested witness the reliability requirement is more easily satisfied if not dispensed with altogether. See, *e.g., United States v. Bell* (5th Cir. 1972), 457 F. 2d 1231; *Krauss v. Superior Court* (1971), 5 Cal. 3d 418, 487 P.2d 1023, 96 Cal. Rptr. 455; *People v. Hester* (1968), 39 Ill. 2d 489, 237 N.E.2d 466.

■■ Defendant suggests that in a case such as this, the child-informant should have been produced in court so the court being asked to issue the eavesdropping order could personally determine credibility. In support of this suggestion defendant cites the case of *City of Chicago v. Adams* (1977), 67 Ill. 2d 429, 367 N.E.2d 1299. The issue in *Adams*, however, was not whether the in-court presence of the informant was the required or preferred practice, but, instead, whether such an in-court examination could be used to supplement an incomplete affidavit of the officer requesting the warrant. We conclude the application in the instant case established probable cause on its face, and thus we find no need to require the in-court presence of the informant.

## CONSENT

Finally, defendant calls into question the validity of the alleged victim's consent to allow his conversation to be intercepted. Article 108A—1 provides that eavesdropping may be judicially approved on a finding that one party to the conversation consents to the eavesdropping (Ill. Rev. Stat. 1977, ch. 38, par. 108A—4(a)). In this case both the 11-year-old alleged victim and his mother signed standardized consent forms. Defendant suggests that the consent of the 11-year-old must be suspect in that by agreeing to be present during the eavesdropping, the child was in effect voluntarily subjecting himself to another violation of his person. As

in the case of the credibility issue, defendant argues that the court issuing the eavesdropping order should have questioned this child on the validity of his consent.

■■ We find the defendant's contentions on the consent issue miss the point. The consent requirements in consensual eavesdropping cases may be satisfied without a showing of the type of informed consent necessary for a defendant to waive a fourth amendment right. (*Cf. People v. DiGerlando* (1964), 30 Ill. 2d 544, 198 N.E.2d 503.) Our supreme court in interpreting a predecessor to the present eavesdropping statute (Ill. Rev. Stat. 1965, ch. 38, par. 14—2(a)) held that mere acquiescence is sufficient consent for having a conversation recorded:

> "We think that the record supports the conclusion that defendant acquiesced in the recording of the telephone conversations in question, and in our opinion, such acquiescence constitutes consent for purposes of the eavesdropping statute. We find no error in the admission of the recordings in evidence." (*In re Estate of Stevenson* (1970), 44 Ill. 2d 525, 532, 256 N.E.2d 766.)

While the defendant here has raised questions concerning the quality of consent, no assertion has been made that the 11-year-old alleged victim was either unaware of the eavesdropping or that he made any objection to having his conversation recorded. Thus we find the consent in this case to be sufficient to satisfy subsection 108A—4(a).

In sum, we find that the trial court erred in allowing defendant's motion to quash the search warrant, and thus we reverse the judgment of the Circuit Court of Du Page County and remand for further proceedings consistent with the admissibility of the evidence in question.

Reversed and remanded.

GUILD, P. J., and RECHENMACHER, J., concur.