THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DONALD KLEINIK, JR., Defendant-Appellant.

Fifth District   No. 5—90—0065

Opinion filed September 2, 1992.

Ronald A. Niemann, of Niemann & Parker, of Centralia, for appellant.

Don Sheafor, State's Attorney, of Vandalia (Kenneth R. Boyle, Stephen
E. Norris, and Diane L. Campbell, all of State's Attorneys Appellate Prose-
cutor's Office, of counsel), for the People.

PRESIDING JUSTICE GOLDENHERSH delivered the opinion of
the court:

Defendant, Donald Kleinik, Jr., appeals from a judgment of the
circuit court of Fayette County finding him guilty of two counts of
unlawful possession of a controlled substance in violation of section
402 of the Controlled Substances Act (Ill. Rev. Stat. 1989, ch. 56½,
par. 1402(b)). On appeal, defendant contends that: (1) the trial court
erred in not granting defendant's motion to quash search warrant and
suppress evidence; and (2) the trial court erred in sentencing defend-
ant on both counts II and III when each count charged simultaneous
possession of more than one controlled substance. We reverse and re-
mand.

For purposes of this appeal, a full recitation of the facts leading
to defendant's arrest is unnecessary. On May 21, 1989, Vandalia police
officer Gene Cearlock appeared before the circuit court of Fayette
County, requesting the court to issue a search warrant to search

defendant's residence and seize any evidence of cocaine or methamphetamine possession. The circuit court issued the warrant, and Cearlock executed it. Based on evidence seized at defendant's residence, he was arrested and charged with eight offenses, consisting of one count of possession with intent to deliver a controlled substance, two counts of unlawful possession of a controlled substance, one count of unlawful use of weapons, one count of unlawful possession of a vehicle with the vehicle identification number removed, and three counts of unlawful possession of certificate of title without complete assignment. Defendant filed a pretrial motion to sever counts I, II and III from counts IV through VIII. The trial court granted defendant's motion, and defendant was tried for possession with intent to deliver a controlled substance (count I) and unlawful possession of a controlled substance (counts II and III). In a separate pretrial motion, defendant moved to quash the arrest warrant and suppress evidence, alleging that the search warrant contained false statements knowingly and intentionally made by Officer Cearlock. Specifically, there was a discrepancy in the complaint for search warrant as to what time Cearlock began surveilling defendant's residence on May 21, 1989. The circuit court denied defendant's motion, finding that the inconsistency in time, which was stated as 6 a.m. at one point in the complaint and 6:50 a.m. at another point, was not fatal when considering the complaint as a whole.

At trial, as defense counsel cross-examined Officer Cearlock on the inconsistencies in his complaint for search warrant, the following testimony was elicited:

"Q. You appeared in front of [the issuing judge], as I recall, for the search warrant, is that true?

A. Yes.

\* \* \*

Q. \*\*\* You were under oath at the time, is that correct? At the time you appeared in front of the court?

A. I signed a sworn statement, I was not under oath.

Q. Well, I don't understand the difference. What's the difference?

A. I signed a statement that the statements on the sheet, the facts were true to the best of my knowledge.

Q. Okay.

A. But I was not under oath.

Q. Didn't—? Didn't the judge put you under oath?

A. No.

Q. So you don't consider that you were under oath at the time you presented the complaint for search warrant to the judge?

A. I was never sworn."

After the above exchange occurred, defense counsel moved to supplement his pretrial motion to quash arrest and suppress evidence and requested the court to reconsider its previous denial of the motion. The trial court reserved ruling on the motion, allowing defense counsel to supplement the motion at the close of the State's case. At that time, defendant argued that the fourth amendment to the United States Constitution (U.S. Const., amend. IV) requires that no warrants be issued except under oath of a complainant. The trial court again denied defendant's motion. The jury returned a verdict of not guilty on count I and guilty on counts II and III.

■■ ■ On appeal, defendant first contends that the trial court erred in not granting defendant's motion to quash search warrant and suppress evidence. Defendant argues that Cearlock's testimony that he was not sworn and did not consider himself to be under oath at the time the search warrant was issued invalidates the search warrant. The fourth amendment to the United States Constitution states that no warrants shall issue but upon probable cause, supported by oath or affirmation. (U.S. Const., amend. IV.) Article I, section 6, of the Illinois Constitution declares that no warrant shall issue without probable cause, supported by affidavit. (Ill. Const. 1970, art. I, §6.) In the case before us, Cearlock clearly stated that he was not under oath and had not been sworn when the search warrant was issued on his complaint. The State argues that since Cearlock signed a notarized statement "that the statements on the sheet, the facts were true to the best of my knowledge," there was an affirmation. We disagree. Our supreme court has held: "A search warrant can only be granted after a showing made before a magistrate, *under oath*, that a crime has been committed ***." (Emphasis added.) (*Lippman v. People* (1898), 175 Ill. 101, 113, 51 N.E.2d 872, 875.) More recently, the court in *City of Chicago v. Adams* (1977), 67 Ill. 2d 429, 367 N.E.2d 1299, upheld a search warrant based on an informant's tip where the informant was present in court and sworn when the complaint was presented. Such a holding clearly implies that an applicant for a search warrant must be sworn for the warrant to be valid. Although the State would like us to have the impression Cearlock was sufficiently sworn at the time the warrant issued, Cearlock himself testified that he was not sworn or under oath at the time. Therefore, we can only conclude that Cearlock was not under oath or affirmation and the

search warrant is void under the United States and Illinois Constitutions. We find that the trial court erred in not granting defendant's motion to quash and suppress evidence and reverse the judgment on that basis. As we are reversing on those grounds, we need not address defendant's contention that the trial court erred in sentencing defendant.

For the foregoing reasons, the judgment of the circuit court of Fayette County is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

RARICK and CHAPMAN, JJ., concur.