In the

# United States Court of Appeals
## For the Seventh Circuit

No. 19-2466

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RYAN D. PATTON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 18-cr-40027-001 — **Sara Darrow**, *Chief Judge.*

ARGUED MAY 27, 2020 — DECIDED JUNE 22, 2020

Before EASTERBROOK, HAMILTON, and BRENNAN, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* After pleading guilty to distributing methamphetamine, Ryan Patton was sentenced to 76 months' imprisonment. The guilty plea reserved the right to contest on appeal the validity of a search warrant that led to the drug's discovery. See Fed. R. Crim. P. 11(a)(2). That is the only appellate issue.

Most details are either irrelevant or unknowable, so we can be brief. Detective Lane Mings of the Galesburg, Illinois, police asked a state judge to issue a search warrant. Mings submitted an affidavit relating that an informant had been inside Patton's home and seen him take a retail quantity of methamphetamine from his safe. The affidavit did not discuss the informant's criminal history, his likely motivation for cooperation (obtaining lenience on pending charges), or his reliability (e.g., whether earlier information had panned out). It did give a few facts that corroborated the informant's story, though many of those facts could have been learned by someone who had not been inside Patton's home. It would have been problematic to issue a warrant on the basis of such an affidavit. See, e.g., *United States v. Koerth*, 312 F.3d 862 (7th Cir. 2002); *United States v. Mykytiuk*, 402 F.3d 773 (7th Cir. 2005). But that's not what happened. The judge took testimony. After hearing what the informant had to say, the judge issued a warrant. The police found what they went looking for.

A federal judge who receives testimony before issuing a warrant must ensure that it is taken down by a court reporter or recorded verbatim. Fed. R. Crim. P. 41(d)(2)(C). Illinois lacks such a requirement, see *Chicago v. Adams*, 67 Ill. 2d 429 (1977), and the informant's statements were not recorded or transcribed. After hearing evidence on Patton's motion to suppress, the federal judge concluded that the informant had testified under oath but that almost nothing else could be pinned down: the informant did not appear in federal court, and Mings had a sketchy memory of what had been said before the state judge. This is why we called details unknowable.

The federal judge proceeded as if the informant had not testified and deemed the affidavit standing alone insufficient to establish probable cause. But the judge also concluded that the police were entitled to rely on the warrant, so that the holding of *United States v. Leon*, 468 U.S. 897 (1984), forecloses use of the exclusionary rule.

Patton's appellate presentation makes the same assumption as the district judge—that unrecorded testimony must be ignored—and argues that the affidavit is too skimpy. We do not consider whether the affidavit by itself would have supported the warrant, because the state judge had more. We cannot know *how much* more, but it is certain that there was more. And if the state judge was doing his job— something a federal court must assume in the absence of contrary evidence—then the judge would have asked for the sort of information that had been omitted from the affidavit. He would have issued a warrant only after finding that probable cause existed under the governing precedents, such as *Illinois v. Gates*, 462 U.S. 213 (1983) (overruling two decisions that had made information about an informant's record of reliable tips essential to any finding of probable cause).

The Constitution's text does not require oral testimony to be transcribed or otherwise recorded. Nor did the American legal tradition at the time of the Fourth Amendment's adoption. See William J. Cuddihy, *The Fourth Amendment: Origins and Original Meaning 602 – 1791* (2009) at 754–58. The Supreme Court has not required recording as a constitutional matter.

The Warrant Clause of the Fourth Amendment reads: "no Warrants shall issue, but upon probable cause, supported by

Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Only the "probable cause" part of this formulation is contested, and if the record does not definitively establish the presence of probable cause, neither does it definitively establish its absence. This leads us to consult tiebreakers.

One tiebreaker is the rule that a reviewing court must accord "great deference" to the decision of the judge who issued the warrant. See, e.g., *Gates*, 462 U.S. at 236; *United States v. McIntire*, 516 F.3d 576 (7th Cir. 2008) (discussing the history of this approach). Like the district judge, Patton assumes that the federal court will make a *de novo* (which is to say, independent) decision about probable cause. If so, the absence of a transcript would be a serious problem. But the judge in a criminal prosecution is not supposed to make an independent decision.

One goal of the Fourth Amendment is to induce police to obtain judicial approval before searching a home. When the police turn to a judge, the principal protector of privacy is that judge. After the search has occurred, suppressing evidence does not restore privacy. Police who take the subject to a judge have done what they should, and the issuing judge's decision deserves respect from later actors.

The other tiebreaker is the rule of *Leon*, which holds that the exclusionary rule does not apply to evidence "obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause." 468 U.S. at 900. Patton insists that it was not "reasonable" for Detective Mings to rely on the warrant issued by the state judge. But in making that argument Patton again assumes that the affida-

vit was its only support. Mings may not have a clear recollection of what happened before the state judge, but he remembers that the informant testified and answered the judge's questions. We think it reasonable for an officer in that position to believe that the judge has done everything required by law.

> *Leon* wrapped up:

> In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.

468 U.S. at 926. The text of the affidavit is not the end-all when the state judge hears testimony (and, anyway, Mings was not "dishonest or reckless"). We do not think that it would have been impossible for an officer to have "an objectively reasonable belief in the existence of probable cause." Nor would every reasonable officer believe that unrecorded oral presentations to a state judge must be ignored. It follows that the district judge did not err in denying Patton's motion to suppress the evidence.

AFFIRMED