In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-2802

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

FINAS J. GLENN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 18-cr-20061— **James E. Shadid**, *Judge.*

ARGUED JULY 7, 2020 — DECIDED JULY 20, 2020

Before SYKES, *Chief Judge*, and EASTERBROOK and KANNE, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Police investigating drug trafficking in Vermilion County, Illinois, sent an informant to buy two ounces of cocaine at the home of Finas Glenn. The transaction was recorded on audio and video. About a month later the police asked for a warrant to search Glenn's home. A state judge put agent Pat Alblinger under oath, took

his testimony (which was recorded), and issued a warrant. A search turned up cocaine and guns.

Indicted on drug and weapons charges, Glenn moved to suppress the evidence seized in the search. A district judge held a hearing and concluded that the warrant was supported by probable cause. 2019 U.S. Dist. LEXIS 89507 (C.D. Ill. May 29, 2019). Glenn then pleaded guilty to one firearms charge, see 18 U.S.C. §922(g)(1), and the prosecutor dismissed the remaining counts. The plea reserved Glenn's right to contest on appeal the denial of his motion to suppress. See Fed. R. Crim. P. 11(a)(2). The judge sentenced Glenn to 102 months' imprisonment.

A judge in a criminal prosecution must afford "great deference" to the probable-cause finding by the judge who issued a warrant. See *Illinois v. Gates*, 462 U.S. 213, 236 (1983); *United States v. McIntire*, 516 F.3d 576 (7th Cir. 2008). That norm is as applicable to warrants based on live testimony as it is to warrants based on affidavits. See *United States v. Patton*, 962 F.3d 972 (7th Cir. 2020).

This warrant rests on the "controlled buy" plus Alblinger's testimony that the informant had for more than a decade provided reliable information. Glenn contends that this is not enough to show probable cause, because Alblinger did not tell the state judge whether agents had searched the informant before the transaction, that the informant had a long criminal record and was cooperating to earn lenience, and that the informant's record of providing accurate information was with the local police as a whole rather than with Alblinger personally. Like the district judge, we think these omissions unfortunate. But they do not negate probable cause, when, as *Gates* requires, the evidence is viewed as a

whole and the federal court gives the state judge great defer-
ence.

The principal reason to search an informant before a con-
trolled buy is to make sure that he does not try to trick the
investigators by providing the drugs himself and then as-
serting that he bought them from the target. It is *possible* that
some sleight of hand might be practiced even when a trans-
action is recorded, but the audio and visual record of this
transaction would have allowed a conviction beyond a rea-
sonable doubt. Probable cause is a lower standard. The
Fourth Amendment does not require best practices in crimi-
nal investigations. That the agents could have managed this
controlled buy to provide an even higher level of confidence
does not imply that probable cause is missing.

Given the audio and video evidence of the controlled
buy, the informant's reliability and motivations are not ma-
terial to the existence of probable cause. *Gates* observed that
these considerations can be important to the total mix of in-
formation, which is why police do well to provide details to
the judge asked to issue a warrant, but the omissions do not
detract from the powerful audio and video evidence.

Glenn contends that the evidence provided by the con-
trolled buy was stale by the time the agents searched his
house. Yet the passage of time does not necessarily imply
that a retail site for drug sales has ceased to be so. See *United
States v. Lamon*, 930 F.2d 1183, 1187–88 (7th Cir. 1991). If the
house had been sold in the interim, or if there were some
reason to think that Glenn had changed his line of business,
then the passage of time would provide reason to doubt the
inference that a place used to distribute drugs in the recent
past is still used for that purpose. But there is no such evi-

dence. To the contrary, in an interview shortly before agent Alblinger applied for the warrant, Glenn conceded that he sold cocaine from his home—and although Glenn said that he sold only "small quantities," retail drug sales are retail drug sales. Alblinger did not present this confession to the state judge, so it does not factor into the finding of probable cause, but it negates any possibility that Alblinger knew that the information after the controlled buy implied that Glenn's house no longer contained cocaine. Alblinger told the federal court that the delay was designed to prevent Glenn from inferring the informant's identity. That's a good reason to wait, and Glenn was not injured by the delay.

AFFIRMED