THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID WARD, Defendant-Appellant.

Fifth District    No. 5—00—0684

Opinion filed January 3, 2002.

Alan C. Downen, of McLeansboro, for appellant.

Wayne Morris, State's Attorney, of McLeansboro (Norbert J. Goetten, Stephen E. Norris, and Rebecca E. Etherton, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GOLDENHERSH delivered the opinion of the court:

David Ward (defendant) was arrested and charged by information with the unauthorized production of more than 50 *Cannabis sativa* plants (720 ILCS 550/8(d) (West 1998)). Defendant filed a motion to suppress all evidence seized, on the basis that there was no probable cause to issue a search warrant as the search warrant failed to set forth sufficient facts about the cooperating source to enable the trial court to determine the reliability of the source. A hearing was conducted and defendant's motion to suppress was granted; however, it was later denied, after the State filed a motion to reopen the evi-

dence or, in the alternative, reconsider. After the motion to suppress was denied, a stipulated bench trial was conducted. Defendant was found guilty and was sentenced to probation. On appeal, defendant contends that the trial court erred in (1) considering oral testimony that was not part of the evidence at the original hearing on the motion to suppress, (2) granting the State's motion to reopen the evidence or reconsider the ruling, (3) considering the oral testimony of the affiant to establish probable cause, (4) finding probable cause, and (5) allowing an attorney from the State's Attorneys Appellate Prosecutor's office to prosecute the case. We vacate and remand.

In this appeal, defendant has filed a motion to supplement the record. This court denies said motion.

## I. FACTS

On March 21, 1999, the affiant, inspector Greg Hanisch of the Southern Illinois Drug Task Force, signed a complaint for a search warrant based on information supplied to him by a cooperating source. The complaint for the search warrant contained the following sworn statement:

> "Complainant says that at approximately 12:30 o'clock [*sic*] p.m. on March 21, 1999, he was contacted by a cooperating witness who informed Complaint [*sic*] that they were at the above residence on Friday, March 19, 1999[,] and observed approximately 100 cannabis sativa plants ranging in size up to 3 feet in height. The witness further advised Complainant that these plants were located throughout the house[,] including a grow room in a closet. The cooperating witness further related that there was an outbuilding on the premises which the occupant, David Ward, also used.

> Complainant verily believes, based upon his experience as a police officer[,] that the home and surrounding area are being used to grow cannabis and that both the house and the surrounding area may contain further evidence of the offense of Unlawful Production, Unlawful Possession[,] and/or Unlawful Distribution of Cannabis which is subject to seizure."

Based on the above complaint, Judge Underwood issued a search warrant for defendant's home.

A search of defendant's house was conducted pursuant to the search warrant. Numerous cannabis plants were found growing in the house. The plants were seized, along with seeds and grow lights. Defendant was then charged by information with the instant offense.

On July 1, 1999, defendant filed a motion to suppress. Defendant made three allegations why the complaint failed to allege probable cause. First, defendant alleged that there was not a proper showing of the unnamed cooperating source's knowledge of cannabis to know

that the plants were, in fact, cannabis plants. Second, defendant alleged that there was not a proper showing that the unnamed cooperating source was a reliable source of information. Third, defendant alleged that there was no showing that the affiant did anything to corroborate the information given to him by the unnamed cooperating source.

On July 8, 1999, a hearing was conducted on the motion to suppress evidence. At that hearing, Charles Zalar of the State's Attorneys Appellate Prosecutor's office appeared on behalf of the State and introduced himself as a special assistant State's Attorney for Hamilton County. Defendant objected to Mr. Zalar prosecuting the case, on the basis that the State's Attorneys Appellate Prosecutor's Act (725 ILCS 210/1 *et seq.* (West 1998)) did not authorize the State's Attorneys Appellate Prosecutor to prosecute the instant case. The trial court denied defendant's objection, and Mr. Zalar remained as the prosecutor. After hearing the evidence, Judge Underwood granted defendant's motion to suppress, finding, "[T]here are not sufficient indicia of reliability of the cooperating witness[ ] or any corroboration on the part of the officer." The judge explained that at the time he issued the warrant, he was "informed under oath by the officer as to facts which the court felt did indicate reliability," but the judge added, "[U]nfortunately those facts were not added to the complaint for search warrant." Because the sworn information was not added to the complaint and was not within the four corners of the complaint, Judge Underwood suppressed the evidence.

On August 23, 1999, the State filed a motion to reopen the hearing to present additional evidence that had been presented to Judge Underwood at the time he issued the warrant or, in the alternative, to reconsider the court's ruling. The State further moved that should Judge Underwood grant this motion, he recuse himself so as not to "be in a position of both witness and judge." Attached to the State's motion was the affidavit of Judge Underwood. In the affidavit, the judge explained that at the time the affiant requested the search warrant, the affiant was placed under oath, identified the unnamed cooperating witness as defendant's wife, and informed the judge that defendant and his wife were having marital difficulties. Judge Underwood further explained that he believed that the wife should be considered a reliable witness because she lived with defendant and would know whether or not there was cannabis in the home. On September 2, 1999, Judge Underwood recused himself from the case. The case was reassigned to Judge David Frankland, who conducted the additional proceedings.

On October 4, 1999, defendant filed a response to the State's mo-

tion to reopen the evidence. On October 21, 1999, a hearing was conducted on the State's motion and on defendant's response. On December 10, 1999, Judge Frankland entered a cogent, seven-page order in which he found that Judge Underwood could have reasonably determined that there was a substantial basis for the hearsay information supplied by the cooperating source and, under the totality of the circumstances, could have properly concluded that there was a fair probability that evidence of a crime would be found in defendant's home. Upon reconsideration, Judge Frankland denied defendant's motion to suppress.

On January 10, 2000, defendant filed a second motion to reconsider. After a hearing, Judge Frankland denied defendant's second motion to reconsider. On September 7, 2000, a stipulated bench trial was conducted. Defendant was found guilty and was later sentenced to a period of probation. Defendant now appeals.

## II. ANALYSIS

### A. Prosecution

We first address defendant's contention that the trial court erred in allowing Charles Zalar of the State's Attorneys Appellate Prosecutor's office to prosecute the instant case. Defendant insists that he was prosecuted by an individual who was not authorized to prosecute his case and that, thus, his conviction is void. We agree with defendant.

■ Section 4.01 of the State's Attorneys Appellate Prosecutor's Act (Act) (725 ILCS 210/4.01 (West 1998)) provides specific instances in which attorneys employed by the State's Attorneys Appellate Prosecutor's office may represent the State, with the most obvious instance being when a case is on appeal. Section 4.01 of the Act also lists the following other specific instances when attorneys from the State's Attorneys Appellate Prosecutor's office may be utilized:

"The Office may also assist County State's Attorneys in the discharge of their duties under the Illinois Controlled Substances Act [(720 ILCS 570/100 *et seq.* (West 1998))], the Narcotics Profit Forfeiture Act [(725 ILCS 175/1 *et seq.* (West 1998))], and the Illinois Public Labor Relations Act [(5 ILCS 315/1 *et seq.* (West 1998))], including negotiations conducted on behalf of a county or pursuant to an intergovernmental agreement[,] as well as in the trial and appeal of said cases and of tax objections ***." 725 ILCS 210/4.01 (West 1998).

Section 4.01 of the Act does not specifically enumerate the Cannabis Control Act (720 ILCS 550/1 *et seq.* (West 1998)), under which defendant was prosecuted, as an instance in which employees of the State's Attorneys Appellate Prosecutor's office may assist county State's Attorneys in the discharge of their duties.

■ The primary goal of statutory interpretation is to ascertain and give effect to the intent of the legislature, which is best evidenced by the clear and unambiguous language of the statute. *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189, 561 N.E.2d 656, 661 (1990). A cardinal rule of statutory interpretation is *expressio unius est exclusio alterius*, which means that the enumeration of certain matters in a statute implies the exclusion of all others. *Baker v. Miller*, 159 Ill. 2d 249, 260, 636 N.E.2d 551, 556 (1994); *In re Estate of Leichtenberg*, 7 Ill. 2d 545, 552, 131 N.E.2d 487, 490 (1956). Questions concerning statutory interpretation are reviewed *de novo. Branson v. Department of Revenue*, 168 Ill. 2d 247, 254, 659 N.E.2d 961, 965 (1995).

■ As previously stated, the Act expressly describes when attorneys employed by the State's Attorneys Appellate Prosecutor's office may assist county State's Attorneys in the discharge of their duties. Mr. Zalar argued to the trial court that the instant prosecution was a drug case and that the State's Attorneys Appellate Prosecutor's office was allowed to prosecute drug cases. However, the Act sets forth that the State's Attorneys Appellate Prosecutor's office may assist in prosecutions brought forth only under three particular statutes. It does not give a general exemption for drug cases. The Cannabis Control Act, under which defendant was prosecuted, is not expressly listed. While the rule *expressio unius est exclusio alterius* is not a rule of law but rather is a rule of statutory construction, it is the best guidance we have in the instant case. The language used by the legislature does not indicate that prosecution under this Act is allowed by attorneys from the State's Attorneys Appellate Prosecutor's office.

Furthermore, while the State is correct that a trial court is vested with discretion to permit counsel to assist a State's Attorney, the fact remains that the trial court must specifically appoint such an attorney. See 55 ILCS 5/3—9008 (West 1998). The instant record is void of an order appointing Charles Zalar as a special assistant State's Attorney. The cases cited by the State in support of its contention that defendant's conviction is not void because the trial court has the power to appoint an attorney to assist a county State's Attorney in the prosecution of such a case are all distinguishable from the instant case because in those cases there was actual evidence in the record that an attorney was appointed by the trial court. Here, there is no indication in the record that Charles Zalar was appointed a special assistant.

Finally, contrary to the State's assertions, the issue raised by defendant has not been waived. If a case is not prosecuted by an attorney properly acting as an assistant State's Attorney, the prosecution is void and the cause should be remanded so that it can be brought by a proper prosecutor. See, *e.g.*, *People ex rel. Livers v. Hanson*, 290

Ill. 370, 125 N.E. 268 (1919). In light of the language of section 4.01 of the Act and the absence of evidence in the record of an order appointing Charles Zalar as a special assistant, we agree with defendant that his conviction must be vacated and the cause remanded so that it can be brought by a proper prosecutor. While in most instances this would end our analysis, here we must consider defendant's arguments concerning the sufficiency of the warrant, as these arguments will without a doubt reemerge on remand.

### B. Sufficiency of the Warrant

We first address defendant's contention that the trial court erred in granting the State's motion to reopen the evidence or, in the alternative, reconsider.

■ It is well settled that the decision to reopen a case for further evidence or to reconsider is within the sound discretion of the trial court. *People v. Figueroa*, 308 Ill. App. 3d 93, 101-02, 719 N.E.2d 108, 114 (1999). In the instant case, the State was merely attempting to present evidence that was before the issuing judge when he made the determination to issue the search warrant. Defendant fails to show that he was prejudiced in any manner by the introduction of this evidence. Moreover, defendant himself later filed his own motion to reconsider. Under these circumstances, we cannot say the trial court abused its discretion in granting the State's motion to reopen the evidence or, in the alternative, reconsider.

We next address defendant's contention that the application for the search warrant did not contain sufficient indicia of the reliability of the cooperating witness or any corroboration on the part of the affiant, Inspector Hanisch, and, thus, was deficient. We also address defendant's contention that the trial court erred by looking outside the four corners of the complaint for the search warrant in an attempt to find sufficient indicia of reliability.

■ The parties disagree over the proper standard of review to be applied. As a general rule, a trial court's ruling on a motion to suppress evidence will not be disturbed unless it is manifestly erroneous. *People v. Wright*, 183 Ill. 2d 16, 21, 697 N.E.2d 693, 695 (1998). *De novo* review is, however, appropriate when there are no factual or credibility disputes. *People v. Buss*, 187 Ill. 2d 144, 204-05, 718 N.E.2d 1, 35 (1999). We first consider the trial court's finding that it was acceptable to go outside the four corners of the document in order to obtain sufficient indicia of the reliability of the cooperating witness. This issue presents a question of law·appropriate for *de novo* review.

■ In the instant case, the trial court relied on *City of Chicago v. Adams*, 67 Ill. 2d 429, 367 N.E.2d 1299 (1977), in determining that it

could go outside the four corners of the document to obtain sufficient indicia of the reliability of the cooperating witness. In that case, the Illinois Supreme Court upheld a search warrant based upon an informant's tip, but the informant was present in court and had been sworn when the complaint was presented. The court stated:

> "This record therefore presents, and we decide, only the narrow question whether the independent basis for the issuing judge's determination of the reliability of the informant may be based on evidence other than the contents of the affidavit.
>
> Although good practice would suggest that the issuing judge cause the informant's statement to be reduced to writing and verified, we conclude that this record shows a sufficient basis to support both the credibility of the hearsay information and the determination of probable cause. Officer Vega's affidavit shows that the informant was present in court when the complaint was presented, and his testimony shows that he was sworn and 'gave us information.' " *Adams*, 67 Ill. 2d at 433, 367 N.E.2d at 1301.

Thus, the issue in *Adams* was narrower than whether the issuing judge can look beyond the four corners of the document. Specifically, the issue in *Adams* was whether the in-court examination of the informant could be used to supplement an incomplete affidavit of the officer requesting the warrant.

While we agree that the instant case is distinguishable from *Adams* because here the informant was not present in open court and was not sworn to tell the truth, we also agree with the trial court's analysis that this distinction is not fatal because here the informant was defendant's wife, who could be presumed to be reliable. Because *Adams* indicates that the Illinois Supreme Court has not bound the lower courts to a rigid, four-corners approach, we concur with the trial court that while it would have been better for all these facts to have been reduced to writing, the sworn testimony of the officer could be considered.

Defendant further argues that the trial court erred in finding that the search warrant affidavit and the sworn testimony of the affiant were sufficient to establish probable cause to issue the search warrant. Defendant insists that no facts were presented to establish the credibility of the cooperating witness or the reliability of the information she provided. We disagree.

■ The standard of review for determinations of probable cause is whether, considering the totality of the circumstances, the ruling was manifestly erroneous. *People v. Reynolds*, 94 Ill. 2d 160, 445 N.E.2d 766 (1983); *People v. Payne*, 239 Ill. App. 3d 698, 607 N.E.2d 375 (1993). The Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983), explained as follows:

"The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." 462 U.S. at 238, 76 L. Ed. 2d at 548, 103 S. Ct. at 2332.

*Gates* sets forth the principle that a tip containing a wide range of detail, which would have been difficult to obtain or predict, may support an inference of reliability. 462 U.S. at 245, 76 L. Ed. 2d at 552-53, 103 S. Ct. at 2335-36. Great deference is accorded to the decision of the issuing magistrate. *Gates*, 462 U.S. at 236, 76 L. Ed. 2d at 546-47, 103 S. Ct. at 2331.

■ In the instant case, the complaint for the search warrant establishes that a cooperating witness was at defendant's home two days earlier and observed approximately 100 *Cannabis sativa* plants ranging in height up to 3 feet. The cooperating witness advised the affiant that the plants were located throughout the house, including a grow room located in a closet. The cooperating witness also described an outbuilding on the premises. The trial court found the complaint insufficient to establish the cooperating witness's veracity and placed the affiant under oath in order to discern more about the cooperating witness. The affiant testified under oath that the cooperating witness was defendant's wife and that the couple was experiencing marital discord. The issuing judge determined that the cooperating witness should be considered reliable "since she had lived with the defendant and would have a basis for knowing that the alleged cannabis was in the residence and would particularly know whether there was[,] in fact[,] a closet that was used in a grow room in the house." While defendant insists that his wife cannot be considered a reliable source, the trial court's analysis is not unreasonable. The details provided to the issuing judge about the cannabis, particularly the number of plants, their size, and their location in the house, including a grow room located in a closet, were sufficiently detailed to infer reliability.

We reject defendant's contention that the totality-of-the-circumstances test set forth in *Gates* and adopted by the Illinois Supreme Court in *People v. Tisler*, 103 Ill. 2d 226, 246, 469 N.E.2d 147, 157 (1984), is not the proper standard to be applied in the instant case. We likewise reject defendant's contention that the trial court should not have considered the oral testimony that was not a part of the evidence at the first hearing on defendant's motion to suppress. Considering the totality of the circumstances in the present case, we find that there was a fair probability that contraband would be found

at defendant's house. Accordingly, we cannot say the decision to issue the search warrant was manifestly erroneous.

For the foregoing reasons, the judgment of the circuit court of Hamilton County is vacated. The cause is hereby remanded for proceedings consistent with this opinion.

Vacated; cause remanded.

MAAG, P.J., and WELCH, J., concur.