THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH J. CICHON, Defendant-Appellant.

Third District   No. 3—03—0152

Opinion filed December 14, 2004.

Sherry R. Silvern, of State Appellate Defender's Office, of Ottawa, for appellant.

Joseph Hettel, State's Attorney, of Ottawa (Lawrence M. Bauer and Gary

F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HOLDRIDGE delivered the opinion of the court:

Following a jury trial, defendant Joseph J. Cichon was convicted of four counts of aggravated criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, pars. 12—14(a)(4), (b)(1)), two counts of criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—13(a)(4)), one count of aggravated criminal sexual abuse (Ill. Rev. Stat. 1989, ch. 38, par. 12—16(c)(1)(i)) and three counts of child pornography (Ill. Rev. Stat. 1989, ch. 38, par. 11—20.1(a)(1)(iv)). Defendant was sentenced to an aggregate term of 105 years' imprisonment. On direct appeal, this court affirmed the sentences. *People v. Cichon*, No. 3—00—0795 (2002) (unpublished order under Supreme Court Rule 23).

Subsequently, the defendant filed a postconviction petition. The defendant alleged that the special prosecutors in his case from the State's Attorneys Appellate Prosecutor (SAAP) had no authority to prosecute his case and thus his convictions and sentences were void. The trial judge summarily dismissed the petition, and the defendant now appeals. We affirm.

## BACKGROUND

In 1990, the defendant was charged, in a 54-count indictment, with multiple counts of aggravated criminal sexual assault, criminal sexual abuse, aggravated criminal sexual abuse, child pornography, and maintaining a public nuisance. The defendant entered into a fully negotiated plea agreement, pleading guilty to 12 of those counts. He was then sentenced to 25 years' imprisonment.

In 1994, the defendant filed a postconviction petition that was dismissed on the State's motion. On appeal, this court reversed and remanded defendant's cause for an evidentiary hearing. *People v. Cichon*, No. 3—94—0652 (1995) (unpublished order under Supreme Court Rule 23). On remand, the trial court granted the postconviction petition, vacated the plea and sentences, and reinstated all the charges of the indictment.

In 1998, the defendant's motion to dismiss the case on double jeopardy grounds was denied by the trial court. That decision was later affirmed on appeal. *People v. Cichon*, No. 3—98—0704 (1999) (unpublished order under Supreme Court Rule 23). Later, because of a conflict, the new State's Attorney of La Salle County filed a motion to have the SAAP appointed as special prosecutor in the new trial. That motion was granted, and the case proceeded to a jury trial in August of 2000.

The defendant was convicted of four counts of aggravated criminal sexual assault, two counts of criminal sexual assault, one count of aggravated criminal sexual abuse, and three counts of child pornography. The defendant was subsequently sentenced to an aggregate term of 105 years' imprisonment. On a direct appeal, this court affirmed the sentences, but modified the mittimus to show that the sentences imposed on the child pornography convictions were to be served concurrently. *People v. Cichon*, No. 3—00—0795 (2002) (unpublished order under Supreme Court Rule 23).

In December of 2002, the defendant filed a *pro se* postconviction petition alleging that his convictions and sentences were void because the special prosecutors appointed in his case lacked the authority to prosecute him. The trial judge summarily dismissed the petition, and the defendant appealed.

## ANALYSIS

On appeal, the defendant submits that the trial court erred by dismissing his postconviction petition at the first stage of the proceedings.

Postconviction proceedings have three stages. *People v. Gaultney*, 174 Ill. 2d 410, 675 N.E.2d 102 (1996). In the first stage, the trial court reviews the petition within 90 days of its filing and may dismiss it if the court determines that it is frivolous or patently without merit. 725 ILCS 5/122—2.1(a)(2) (West 2002). To survive dismissal at the first stage, a *pro se* defendant need only raise the gist of a meritorious constitutional claim. *Gaultney*, 174 Ill. 2d 410, 675 N.E.2d 102. We review the first-stage dismissal of a postconviction petition *de novo*. *People v. Coleman*, 183 Ill. 2d 366, 701 N.E.2d 1063 (1998).

The defendant argues that the attorneys from the SAAP lacked authority to prosecute him. In support of this argument, the defendant cites section 4.01 of the State's Attorneys Appellate Prosecutor's Act (SAAP Act) (725 ILCS 210/4.01 (West 2000)). Though subsequently amended to provide broader authority to SAAP attorneys (see 725 ILCS 210/4.01 (West 2002)), at the time of the defendant's trial that section provided only that "[t]he [SAAP] may also assist County State's Attorneys in the discharge of their duties under the Illinois Controlled Substances Act, the Narcotics Profit Forfeiture Act, and the Illinois Public Labor Relations Act." 725 ILCS 210/4.01 (West 2000). The defendant contends that because SAAP attorneys were statutorily limited to participating in specific trial situations, and because his prosecution did not involve any of those specific situations, the participation of the SAAP attorneys in his case was improper.

The defendant further contends that case law from the Fifth

District of the Appellate Court supports his position. In *People v. Ward*, 326 Ill. App. 3d 897, 762 N.E.2d 685 (2002), an SAAP attorney took over the prosecution of a criminal prosecution in which the charges originated under the Cannabis Control Act (720 ILCS 550/1 *et seq.* (West 1996)) and not the Illinois Controlled Substances Act (720 ILCS 570/100 *et seq.* (West 1996)). The court interpreted the language cited above and determined that the statutory listing of specific trial matters in which SAAP attorneys could appear meant that those same attorneys were without authority to assist with any other type of trial matter. *Ward*, 326 Ill. App. 3d 897, 762 N.E.2d 685. Therefore, the court found the defendant's prosecution void, vacated his convictions, and remanded the cause for new proceedings. *Ward*, 326 Ill. App. 3d 897, 762 N.E.2d 685.

We do not find that either the statute cited above or the decision in *Ward* mandates a similar disposition in this case. To begin with, we note that section 3—9008 of the Counties Code provides:

> "Whenever the State's attorney is sick or absent, or unable to attend, or is interested in any cause or proceeding, civil or criminal, which it is or may be his duty to prosecute or defend, the court in which said cause or proceeding is pending may appoint some competent attorney to prosecute or defend such cause or proceeding, and the attorney so appointed shall have the same power and authority in relation to such cause or proceeding as the State's attorney would have had if present and attending to the same ***." 55 ILCS 5/3—9008 (West 2000).

Therefore, the trial court has independent statutory authority to appoint an attorney as a special prosecutor. In this case, a section 3—9008 motion alleging a conflict was both made and granted.

In *Ward*, by contrast, no motion was made to the trial court for an SAAP attorney to be appointed a special prosecutor. *Ward*, 326 Ill. App. 3d 897, 762 N.E.2d 685. Therefore, *Ward* is not controlling because, as the Fifth District later recognized, that case did not require the court to "decide whether a court's statutory power to appoint a special prosecutor could be used to appoint [an SAAP] attorney." *People v. Woodall*, 333 Ill. App. 3d 1146, 1151, 777 N.E.2d 1014, 1018 (2002). Nevertheless, the *Ward* court seemed to indicate that if it had had to decide that question, it would have answered in the affirmative. *Ward*, 326 Ill. App. 3d at 902, 762 N.E.2d at 690 ("while the State is correct that a trial court is vested with discretion to permit counsel to assist a State's Attorney, the fact remains that the trial court must specifically appoint such an attorney").

Indeed, the Fifth District took a step further in recognizing the broad power section 3—9008 grants the trial court to appoint an SAAP

attorney as a special prosecutor when it again addressed the issue in *Woodall*, 333 Ill. App. 3d 1146, 777 N.E.2d 1014. Although in that case no motion was filed in the trial court seeking such an appointment, the court nevertheless addressed the trial court's power under section 3—9008. The court noted that a number of attorneys worked for the SAAP part-time and brought a wealth of experience to their work for the State. The court noted that "[a]s part-time [SAAP] lawyers, they could be appointed pursuant to the statutory authority established by section 3—9008 of the Counties Code [citation], just like any other licensed attorney engaged in private practice." *Woodall*, 333 Ill. App. 3d at 1152, 777 N.E.2d at 1019.

Thus, the Fifth District would allow the trial court to grant a section 3—9008 motion seeking the appointment of a part-time SAAP attorney as a special prosecutor. While we agree with this holding so far as it goes, we do not see the need to limit that power to part-time SAAP attorneys.

We find that section 3—9008 provides the trial court with sufficient, independent authority to appoint as a special prosecutor any uninterested, licensed attorney. The limits found in the SAAP Act notwithstanding, that includes the authority to appoint any SAAP attorney. See also *People v. Eaglin*, 224 Ill. App. 3d 668, 586 N.E.2d 1280 (1992) (despite statutory prohibition on State's Attorney accepting outside employment, trial court properly appointed State's Attorney from neighboring county as a special prosecutor pursuant to section 3—9008). Thus, we rule that the trial court did not err as a matter of law by dismissing the defendant's petition at the first stage of the proceedings.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the La Salle County circuit court dismissing the defendant's postconviction petition.

Affirmed.

SLATER and BARRY, JJ., concur.