# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Girot, 2013 IL App (3d) 110936**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHELSEA GIROT, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-11-0936 |
| Rule 23 Order filed<br>Motion to<br>publish allowed<br>Opinion filed | September 9, 2013<br><br>September 25, 2013<br>September 25, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's motion to suppress alleging that her vehicle was improperly stopped was properly denied and her conviction for driving under the influence of a controlled substance was upheld, since she was stopped after an officer observed that one of her taillights was emitting red and white light due to a chip in the lens, and such a condition is prohibited by section 12-201(b) of the Illinois Vehicle Code. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 11-DT-160; the Hon. James E. Egan, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Kerry J. Bryson, of State Appellate Defender's Office, of Ottawa, for appellant.

James Glasgow, State's Attorney, of Joliet (Richard T. Leonard, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.

Presiding Justice Wright and Justice McDade concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant, Chelsea Girot, was charged with two counts of driving under the influence of a controlled substance (DUI) (625 ILCS 5/11-501(a)(4), (6) (West 2010)). Prior to trial, defendant filed a motion to suppress, alleging that the stop of her vehicle was not proper. The trial court denied the motion. The cause proceeded to a bench trial where defendant was convicted of one count of DUI. Defendant appeals, arguing that the trial court erred in denying her motion to suppress. We affirm.

¶ 2                                        FACTS

¶ 3    On January 26, 2011, Bolingbrook police officer Patrick Kinsella initiated a traffic stop on defendant's vehicle. During the stop, defendant appeared nervous, climbed on the hood of the police car, and ran into traffic. The State charged defendant with two counts of driving under the influence of a controlled substance (625 ILCS 5/11-501(a)(4), (6) (West 2010)). Prior to trial, defendant filed a motion to suppress evidence, alleging that Kinsella did not have reasonable suspicion to make a traffic stop.

¶ 4    At a hearing on defendant's motion, Kinsella testified that he was on patrol the night of January 26, 2011, when he spotted defendant's vehicle. Kinsella noticed a chip about the size of a dime or a nickel in the red plastic lens that covered the taillight. Because of the chip, the taillight was emitting a red and white light. Kinsella did not witness defendant speed or otherwise break the law. He initiated the traffic stop based solely on the white light emanating from the otherwise red taillight.

¶ 5    After hearing the evidence, the trial court denied defendant's motion to suppress. The cause proceeded to a bench trial where defendant was found guilty of one count of DUI. Defendant appeals.

¶ 6                                       ANALYSIS

¶ 7    Defendant argues that the trial court erred in denying her motion to suppress because the

stop of her vehicle was objectively unreasonable. We review a trial court's ruling on a motion to suppress evidence pursuant to a two-part test. *People v. Absher*, 242 Ill. 2d 77 (2011). First, we will uphold the court's factual findings unless they are against the manifest weight of the evidence. *Id.* Second, we assess the established facts in relation to the issues presented and review the ultimate legal question of whether suppression is warranted *de novo*. *Id.*

¶ 8        In this case, evidence established that the officer who stopped defendant noticed that the taillight cover on her vehicle had a chip that resulted in the taillight emitting a red and white light. The trial court determined that the white light was enough to permit a stop of defendant's vehicle. We agree with the trial court. Section 12-201(b) of the Illinois Vehicle Code (Code) requires that all motor vehicles exhibit at least two lighted tail lamps that throw a red light visible for at least 500 feet in the reverse direction. 625 ILCS 5/12-201(b) (West 2010). Importantly, section 12-212(c) of the Code states that "Unless otherwise expressly authorized by this Code, all other lighting or combination of lighting on any vehicle shall be prohibited." 625 ILCS 5/12-212 (c) (West 2010). Here, defendant's taillight was emitting a red and white light, which is not authorized by the Code. As a result, the officer had reasonable suspicion to stop defendant's vehicle to investigate a violation of the Code. See *People v. Hackett*, 2012 IL 111781 (reasonable suspicion is sufficient to permit a stop). Therefore, we find that the stop was objectively reasonable, and the trial court did not err when it denied defendant's motion to suppress.

¶ 9                                               CONCLUSION

¶ 10        The judgment of the circuit court of Will County is affirmed.

¶ 11        Affirmed.